**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 4 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JERALD PARKER, | No. 20-35186 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-00265-MO |
| v. | |
| CRC HEALTH OREGON, LLC, DBA Allied Health Services East, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted March 2, 2021**
Portland, Oregon

Before: PAEZ and WATFORD, Circuit Judges, and TUNHEIM,*** District Judge.

Jerald Parker appeals from the district court's judgment in favor of CRC

Health on Parker's claims for employment discrimination, retaliation, and failure

---

    \*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

    \*\*\*     The Honorable John R. Tunheim, Chief United States District Judge for the District of Minnesota, sitting by designation.

to reinstate.  We affirm.

**1.**  The district court properly granted summary judgment to CRC Health as to Parker's discrimination and retaliation claims under O.R.S. §§ 659A.030 and 659A.040.  Even assuming that Parker established a *prima facie* case, he failed to raise a triable issue of fact as to pretext.  *See Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 969 (9th Cir. 2002).  CRC Health stated that it fired Parker for two reasons: (1) Parker sent inappropriate text messages to a patient of CRC Health's clinic; and (2) Parker cursed at his supervisor in front of patients.  Parker acknowledges having sent text messages to a patient, and he concedes that the clinic had a zero-tolerance policy for inappropriate relationships with patients.  Parker also concedes that cursing in a work environment—even in frustration at his work assignment and not directed at his supervisor—is another violation of clinic policy that can result in termination.  Both of these violations provide legitimate, nondiscriminatory reasons for CRC Health's decision to terminate Parker, and Parker produced no evidence suggesting that CRC Health's proffered reasons were not the real reasons for his termination.  *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1063 (9th Cir. 2002).

**2.**  The district court properly granted summary judgment on Parker's failure-to-reinstate claim as well.  Although Parker argues on appeal that his assignment working outside and picking up trash was not part of his job

description, he conceded in his deposition that this was part of his job duties prior to taking medical leave.  Thus, CRC Health reinstated Parker to his prior position as a security guard, as required by O.R.S. § 659A.043.

**AFFIRMED.**